OPINION
On December 23, 1999, Lieutenant Bob Markowski of the Ohio State Highway Patrol was driving home after concluding his shift at the multi-agency radio communication system for the Ohio State Highway Patrol in Columbus, Ohio. Lt. Markowski was driving an unmarked Ohio State Highway Patrol vehicle and was wearing his uniform. While driving east on U.S. 33, Lt. Markowski observed a vehicle driving in an erratic manner just north of I-270. Lt. Markowski followed the vehicle for approximately twenty-five to thirty miles. Subsequently, the driver of the vehicle, appellant, Gary L. Burke, stopped and exited the vehicle to retrieve mail from a mailbox. Lt. Markowski approached appellant and asked him for his driver's license and registration. Thereafter, Trooper David Katafias arrived at the scene. Trooper Katafias arrested appellant for driving under the influence in violation of R.C. 4511.19(A)(1) and reckless operation in violation of R.C. 4511.20. On May 12, 2000, appellant filed a motion in limine which was treated as a motion to suppress. A hearing was held same date. At the conclusion of said hearing, the trial court denied the motion. The decision was journalized on May 16, 2000. Appellant's request for findings of fact and conclusions of law was denied. On June 13, 2000, appellant pled no contest to the DUI charge. The reckless operation charge was dismissed. By judgment entry filed same date, the trial court found appellant guilty and sentenced him to one hundred eighty days in jail, sixty days suspended. Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY FINDING DEFENDANT-APPELLANT GUILTY ON A NO CONTEST PLEA, WHERE THE STATEMENT OF FACTS GIVEN BY THE PROSECUTOR FAILS TO ESTABLISH VENUE JURISDICTION.
 II. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY FAILING TO ADVISE DEFENDANT-APPELLANT OF HIS RIGHTS AS TO A NO CONTEST PLEA AND THE POTENTIAL PENALTIES BEFORE ACCEPTING HIS PLEA.
 III. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY REFUSING TO MAKE A FINDING OF FACT AND CONCLUSION OF LAW AS REQUESTED BY APPELLANT'S COUNSEL.
 IV. DEFENDANT-APPELLANT IS DEPRIVED OF SUBSTANTIVE AND PROCEDURAL DUE PROCESS OF LAW WHERE IN A COURT OF RECORD, ONE HUNDRED AND TWO PORTIONS OF THE TRANSCRIPT ARE INAUDIBLE.
 V. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY OVERRULING DEFENDANT-APPELLANT'S MOTION TO SUPPRESS AND SAID RULING IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 I
Appellant claims the trial court erred in finding him guilty after a no contest plea because the state failed to establish venue. We disagree. The complaint filed December 29, 1999 via a Uniform Traffic Citation specifically states that the offense occurred in "the twp of Bloom in Fairfield County (No. 23), State of Ohio." Appellant pled no contest. In State v. Ulrich (February 12, 1990), Stark App. No. CA-7905, unreported, this court reviewed an identical argument and found "[a]ppellant's plea of no contest disposes of this issue; it is an admission of the proper venue." Further, during the statement of evidence given at the plea hearing, the state noted "he [Lt. Markowski] observed him [appellant] driving on U.S. 33; uh, he observed him driving on State Route 674." June 13, 2000 T. at 4. Thereafter "the defendant, uh, stopped his car in front of his house." Id. During the suppression hearing, Lt. Markowski testified he observed appellant's erratic driving in Franklin and Fairfield counties. May 12, 2000 T. at 9. Crim.R. 11(B) governs the effect of guilty or no contest pleas. Subsection (2) states "[t]he plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information, or complaint, and the plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding." Based upon the complaint filed sub judice and the facts presented to the trial court during the suppression and the plea hearings, we find the trial court did not err in finding venue. Assignment of Error I is denied.
 II
Appellant claims the trial court failed to follow the mandates of Crim.R. 11(D). We agree. Crim.R. 11(D) governs guilty or no contest pleas in misdemeanor cases involving serious offenses and states as follows: In misdemeanor cases involving serious offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such plea without first addressing the defendant personally and informing the defendant of the effect of the pleas of guilty, no contest, and not guilty and determining that the defendant is making the plea voluntarily. Where the defendant is unrepresented by counsel the court shall not accept a plea of guilty or no contest unless the defendant, after being readvised that he or she has the right to be represented by retained counsel, or pursuant to Crim.R. 44 by appointed counsel, waives this right. (Emphasis added.)
During the plea hearing at 3, the trial court noted "[t]he Court recognizes that both Mr. Burke, Burke and Mr. Grove signed the acknowledgment and waiver and Mr. Burke has elected to enter a no contest plea to the offense of driving under the influence of alcohol, first offense within a six year period. * * *" Appellant signed the "Acknowledgment and Waiver" filed June 13, 2000 admitting he understood the crimes charged, the potential consequences of any subsequent convictions and his rights to a jury trial, confrontation and against self-incrimination. Appellant acknowledged he gave up these rights. Clearly, a charge of OMVI, a misdemeanor of the first degree that entails a sentence of six months, is a serious offense. Crim.R. 11(D) requires that the trial court address a defendant personally and inform him/her of the effect of his/her plea. Based upon the clear language of Crim.R. 11(D) and the transcript of the plea hearing, we find the trial court did not personally address appellant. Assignment of Error II is granted.
 III
Appellant claims the trial court erred in failing to enter findings of fact and conclusions of law on the issues raised in the suppression hearing. We disagree. Pursuant to Crim.R. 12(E) the trial court is required to enter "essential findings" on the record when factual issues are involved in the determination of the issue. The trial court is not required to journalize findings of fact or even make conclusions of law. At the conclusion of the May 12, 2000 suppression hearing, the trial court stated findings of fact upon which it based its decision at 57: Well, the Court finds that Lt. Markowski was on duty, but he wasn't on duty for the main purpose of enforcing traffic laws, so, uh, the Court doesn't find that he's incompetent to testify. And, uh, um, all would not prevent other officers from testify concerning information that they received from Lt. Markowski, unless the information, information was otherwise inadmissible, for instance hearsay and that type of thing.
Upon review, we find no merit in this assignment of error. Assignment of Error III is denied.
 IV
Appellant claims he was denied due process of law because the fifty-seven page transcript of the May 12, 2000 suppression hearing contains seventy-one notations of inaudibles. We disagree. We have reviewed the record of the suppression hearing and although there are inaudibles, the basic facts are clear in the record. If appellant found that the record inadequately reflected the evidence presented, he could have used App.R. 9 to supplement the record. Assignment of Error IV is denied.
 V
Appellant claims the trial court erred in finding Lt. Markowski was competent to testify and in not limiting any information he gave to other officers. We disagree. It is clear from the record that Lt. Markowski was driving an unmarked Ohio State Highway Patrol vehicle and was wearing a uniform, complete with the Stetson hat although he was not wearing the hat while driving. May 12, 2000 T. at 5-7. The vehicle was not equipped with police lights and sirens but had a radio that allowed Lt. Markowski to talk to the post. Id. Lt. Markowski was not assigned to enforce traffic laws but was a staff lieutenant assigned to general headquarters specifically, the technology and communications section. Id. at 3. Lt. Markowski was not "on duty" but was traveling from headquarters to his home after his shift had ended. Id. at 6, 16. Evid.R. 601(C) states the following: Every person is competent to be a witness except: An officer, while on duty for the exclusive or main purpose of enforcing traffic laws, arresting or assisting in the arrest of a person charged with a traffic violation punishable as a misdemeanor where the officer at the time of the arrest was not using a properly marked motor vehicle as defined by statute or was not wearing a legally distinctive uniform as defined by statute.
R.C. 4549.14 governs incompetency of officer as witness and states as follows: Any officer arresting, or participating or assisting in the arrest of, a person charged with violating the motor vehicle or traffic laws of this state, provided the offense is punishable as a misdemeanor, such officer being on duty exclusively or for the main purpose of enforcing such laws, is incompetent to testify as a witness in any prosecution against such arrested person if such officer at the time of the arrest was using a motor vehicle not marked in accordance with section 4549.13 of the Revised Code.
The predicate exceptions of the cited rule and statute are that the officer must be on duty for the exclusive purpose of enforcing traffic laws or must be the arresting officer or participating or assisting in the arrest of the defendant. The evidence establishes that Lt. Markowski was not "on duty" at the time of appellant's arrest, was not assigned exclusively to traffic enforcement and did not arrest appellant. The remaining question is how Lt. Markowski participated or assisted in appellant's arrest. Appellant's vehicle was not stopped as a result of any act of Lt. Markowski. May 12, 2000 T. at 10. Appellant had stopped and exited his vehicle to retrieve mail from a mailbox. Id. at 11. Lt. Markowski made contact with appellant as he walked back to his vehicle. Id. at 12. Lt. Markowski asked appellant for his driver's license and registration. Id. Trooper Katafias arrived at the scene at that time. Approximately a minute had lapsed from the time appellant stopped his vehicle until Trooper Kalafias arrived. Id. at 13. We find Lt. Markowski did not effectuate the stop of appellant nor did he arrest appellant. Lt. Markowski was not assigned to traffic and his appearance at the scene was a result of an accident of time. We do not find Lt. Markowski's act of asking appellant for his driver's license and registration to be an arrest or actual participation in the arrest so as to disqualify him from testifying. The matter of hearsay evidence and probable cause to arrest on the part of Trooper Katafias is still unresolved. Lt. Markowski as any private citizen was competent to testify to his actual observations of appellant's driving on the evening in question. Assignment of Error V is denied. The judgment of the Lancaster Municipal Court of Fairfield County, Ohio is hereby reversed.
 ____________ Farmer, J.
Edwards, P.J. and Wise, J. concur.